UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHAZZ RAY BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08CV1681 JCH |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the Court on Petitioner Chazz Ray Brown's October 13, 2009, letter to the Court, which the Court construes as a Motion for Extension of Time and a Motion for Appointment of Counsel. (Doc. No. 18).

**I.      Motion For Appointment Of Counsel**

There is no constitutional or statutory right to appointed counsel in a civil case. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, courts consider factors that include whether the petitioner has presented non-frivolous allegations supporting his prayer for relief, whether the petitioner will substantially benefit from the appointment of counsel, whether there is a need to further investigate and present the facts related to the petitioner's allegations, and whether the factual and legal issues presented by the action are complex. See Battle v. Armontrout, 902 F.2d 701, 702 (8th Cir. 1990); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering Petitioner's Motion for Appointment of Counsel in view of the relevant factors, the Court finds that the facts and legal issues presented in the instant case are not so complex as to warrant the appointment of counsel at this time. In addition, the pleadings filed by Chazz Ray

Brown indicate that he is capable of presenting the facts and legal issues without the assistance of counsel. Petitioner's Motion for Appointment of Counsel will therefore be denied.

## II.    Petitioner's Request For Extension Of Time

In an Order entered August 13, 2009, this Court granted Petitioner sixty (60) days from the date of the Order within which to file documentation tending to demonstrate that he was operating under the influence of a mental defect or mental disease at the time of his guilty plea, and/or during the time period between the entry of his guilty plea and the filing of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 17). In his letter, Petitioner requests that he be granted additional time within which to file his response. (Doc. No. 18). Upon consideration, the Court will grant Petitioner's request.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Doc. No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Request for Additional Time is **GRANTED**, and Petitioner is granted until **Monday, January 4, 2010**, within which to file documentation tending to demonstrate that he was operating under the influence of a mental defect or mental disease at the time of his guilty plea, and/or during the time period between the entry of his guilty plea and the filing of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Dated this 28th day of October, 2009.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

- 2 -